**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Ortiz, | No. CV-25-02506-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| United States Department of Veterans Affairs, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Mandamus filed against 12 Respondents.  In short summary, Petitioner seeks Mandamus against the Department of Veterans Affairs ("VA") and various employees thereof, based on his allegations that Petitioner resigned from his job at the VA "in exchange for Respondents' commitment to pay his law school tuition and travel expenses for his attendance at Empire College Law School in Santa Rosa, CA".  (Doc. 1 at 4–5).

Petitioner moves to proceed in forma pauperis.  As a result, the Court will screen the Petition.

## I.    Legal Standards

### A.    Ability to Pay

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234

1    (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

2    **B.    28 U.S.C. § 1915(e)(2)**

3        Congress provided with respect to in forma pauperis cases that a
     district court "shall dismiss the case at any time if the court determines" that
4    the "allegation of poverty is untrue" or that the "action or appeal" is
     "frivolous or malicious," "fails to state a claim on which relief may be
5    granted," or "seeks monetary relief against a defendant who is immune from
     such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines
6    how prisoners can file proceedings in forma pauperis, section 1915(e) applies
     to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez*
7    *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all
     in forma pauperis complaints"). "It is also clear that section 1915(e) not only
8    permits but requires a district court to dismiss an in forma pauperis complaint
     that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma
9    pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

10   *Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

11   "The standard for determining whether a plaintiff has failed to state a claim
     upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the
12   Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a
     claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also*
13   *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that
     screening pursuant to § 1915A "incorporates the familiar standard applied in
14   the context of failure to state a claim under Federal Rule of Civil Procedure
     12(b)(6)").

15

16   *Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal.

17   Mar. 10, 2023).

18       Applying the Federal Rule of Civil Procedure 12(b)(6) standard, a complaint must

19   contain sufficient factual matter, which, if accepted as true, states a claim to relief that is

20   "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Facial plausibility

21   exists if the pleader pleads factual content that allows the court to draw the reasonable

22   inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not

23   equal "probability," but plausibility requires more than a sheer possibility that a defendant

24   has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent'

25   with a defendant's liability, it 'stops short of the line between possibility and plausibility

26   of entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557

27   (2007)). For a complaint to be plausible, it cannot be a "shotgun pleading…. One common

28   type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses

the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010).

## II.    Discussion

### A.    Ability to Pay

Petitioner has moved to proceed in forma pauperis in a narrative form without including the relevant financial information.  Petitioner has previously been provided with the correct form to use.  *Ortiz v. United States of America, et al.,* CV 24-2417-PHX-JAT (D. Ariz. September 16, 2024 at Doc. 5, attachment 1).  The Court cannot assess Petitioner's ability to pay on this record and the motion will be denied.

As this Court has previously advised Petitioner, he must either pay the filing fee or move to proceed in forma pauperis.  (*Id.* at Doc. 14 (citing 28 U.S.C. § 1914(a); *Wairimu v. Dir., Dep't of Homeland Sec.*, No. 19-CV-174-BTM-MDD, 2019 WL 460561, at *3 (S.D. Cal. Feb. 5, 2019)).  Because in forma pauperis status has been denied, <u>Petitioner may not file anything further in this case without curing this issue.</u>

### B.    Merits

Additionally, even if the in forma pauperis motion could be cured, this case must be dismissed.  Petitioner fails to include the alleged agreement that forms the basis for his claims.  Moreover, he makes no allegation that all 12 Respondents signed the agreement or would have authority to enforce the agreement.  This style of "shotgun" pleading against multiple defendants/respondents fails to state a claim.

Moreover, a writ of mandamus is appropriate only if the petitioner has a clear right to relief, defendants have a clear duty to act, and no other adequate remedy is available. *Kashkool v. Chertoff,* 553 F.Supp.2d 1131, 1140 (D. Ariz. 2008) (citing *Johnson v. Reilly,* 349 F.3d 1149, 1154 (9th Cir. 2003)).  Stated another way, "[a]n order pursuant to [28 U.S.C.] § 1361 is available only if (1) the claim is clear and certain; (2) the official's or agency's 'duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from

doubt'; and (3) no other adequate remedy is available." *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) [citations omitted].

By failing to include the alleged agreement,[1] Petitioner fails to plead a certain and clear right to relief. Additionally, even if the agreement exists, there is no "clear duty" on any Respondent, much less every Respondent, to act. Finally, assuming the agreement exists, clearly another adequate remedy–a breach of contract lawsuit–is available. Therefore, the Petitioner fails to state a claim that could justify mandamus as a remedy.

The Court will not grant leave to amend because any amendment would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (futility alone justifies denying leave to amend). There is no set of facts based on Petitioner's claimed agreement with Respondents that would justify mandamus in this case. Therefore, this Petition for Writ of Mandamus cannot be cured. Because the sole relief sought, mandamus, is unavailable, the Petition will be dismissed without leave to amend. Even if Petitioner could recast his claim as one that might entitle him to damages, the Petition for equitable relief cannot be cured.

In other circumstances, the Court of Appeals has stated,

> "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Id.*; *see also Robinson*, 631 F.3d at 841 (warning district courts "not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent")….

*Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).

Here, Petitioner did not name the "correct" defendants via his shotgun pleading. Further, unlike habeas and §1983, this Court does not automatically have jurisdiction over any potentially available state law claims. Based on the allegations in the Petition, Petitioner and most Respondents are Arizona citizens, which would preclude diversity jurisdiction. Moreover, it is not for this Court to act as counsel for Petitioner and imagine

---

[1] Further, Petitioner does not quote the relevant portions of the alleged agreement or allege who the signed the agreement.

all legal claims he could potentially bring.[2] What this Court is presented with, a Petition for Writ of Mandamus, fails to state a claim and cannot be cured by amendment against the 12 named Respondents.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 3) is denied. Petitioner's request to direct assign this case to Judge Tuchi is also denied.

**IT IS FURTHER ORDERED** that the Petition for Writ of Mandamus is dismissed, and the Clerk of the Court shall enter judgment accordingly.

Dated this 31st day of July, 2025.

James A. Teilborg
Senior United States District Judge

---

[2] The Supreme Court has stated that, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). And further cautioned that, providing legal advice to a petitioner "would undermine [the Court's] role as impartial [an] decisionmaker[ ]." *Id*